

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Malibu Media LLC,

           Plaintiff,

–v–

John Doe subscriber assigned IP address 74.66.136.46,

           Defendant.

15-cv-3147 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    On May 13, 2015, this Court granted Plaintiff Malibu Media LLC's motion for leave to serve a third-party subpoena on Time Warner Cable in order to ascertain the identity of Defendant John Doe subscriber assigned IP address 74.66.136.46 ("John Doe"). *See* Dkt. No. 10. In that order, this Court indicated that John Doe could proceed anonymously if he or she moved to quash the subpoena. *See id.* On September 3, 2015, John Doe noted in a letter that he or she would move to quash and requested permission to redact certain information from an exhibit he or she plans to attach to the motion. Specifically, John Doe asks to redact his or her name and address from a letter sent by Time Warner informing John Doe that Time Warner had received a subpoena compelling it to disclose his or her identifying information.

    The Court has reviewed the proposed redactions. Given the limited scope of the sealing request, the Court provisionally grants John Doe's request to redact his or her name and address from the Time Warner letter. John Doe may file a redacted version of the letter with the Court. If and when John Doe does so, this Court will file an unredacted copy of the letter under seal.

    Although there is generally a "presumption of access" to the contents of judicial documents "under both the common law and the First Amendment," that presumption may be overcome if "specific, on-the-record findings" indicate that "sealing is necessary to preserve

1

higher values" and if "the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Here, declining to redact John Doe's name and address from the Time Warner letter would eliminate his or her ability to proceed anonymously in moving to quash the subpoena. John Doe's request, which seeks to redact only identifying information, is narrowly tailored to preserve his or her anonymity. Whether the identifying information in the letter will remain redacted may depend on this Court's resolution of any forthcoming motions.

SO ORDERED.

Dated: Sept. 9, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge