UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 2 9 2016
```

Malibu Media, LLC,

           Plaintiff,

    —v—

John Doe, subscriber assigned IP address
74.66.136.46,

           Defendant.

15-cv-3147 (AJN)

MEMORANDUM &
ORDER

ALISON J. NATHAN, District Judge:

Plaintiff Malibu Media, LLC ("Malibu") brings this action for copyright infringement against a John Doe defendant ("Defendant") who to date has been identified only by his[1] internet protocol ("IP") address. Malibu alleges that Defendant illegally copied and distributed a file containing 127 pornographic films ("the Works") owned by Malibu. Compl. ¶ 2. On May 13, 2015, this Court granted Malibu's request to serve a third-party subpoena on Time Warner Cable, Defendant's internet service provider ("ISP"), prior to a Rule 26(f) conference. Dkt. No. 10. On September 13, 2015, Defendant moved to quash the subpoena. Dkt. No. 14. For the reasons that follow, the motion is denied.

## I.    BACKGROUND

This case is one of many copyright lawsuits that Malibu has filed throughout the country against John Doe defendants. Malibu operates an adult website, X-art.com, and invests substantial resources in producing adult film content. Field Decl. ¶¶ 3-14, Dkt. No. 7. Here, as is generally the case in these suits, Malibu alleges that the defendant used a peer-to-peer file

---

[1] Because Malibu captioned this case as against "John Doe," the Court uses male personal pronouns when referring to Defendant. The use of such pronouns does not necessarily reflect Defendant's actual gender or identity.

sharing system, known as BitTorrent, to illegally download and distribute Malibu's copyrighted works. As outlined in Malibu's complaint, BitTorrent allows users to distribute files by interacting directly with one another, rather than by downloading a file from an intermediary host website. Compl. ¶ 13. The BitTorrent protocol breaks large files into many small pieces (known as "bits"), which users then exchange with one another. *Id.* ¶ 14. After a user has received all of the bits that comprise a particular file, BitTorrent software reassembles the bits so that the file can be opened and viewed. *Id.* ¶ 15. While a BitTorrent user is in the process of acquiring a file, he exposes his IP address. *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012). Here, Malibu avers that an investigator it hired was able to identify Defendant's IP address when the investigator downloaded bits from several files containing Malibu's copyrighted works from Defendant. Compl. ¶¶ 19-20, 24-25. One of those files allegedly contained a zip folder with all 127 of the Works. *Id.* ¶ 23.

Malibu filed suit against Defendant on April 21, 2015. *See* Dkt. No. 1. In keeping with its usual practice in these cases, Malibu then requested leave to serve a third party subpoena on Defendant's ISP, Time Warner, prior to a Rule 26(f) conference. Dkt. No. 5. This Court granted that request, permitting Malibu to subpoena Time Warner for Defendant's true name and current and permanent address. Dkt. No. 10 at 6. The Court also issued a protective order that, *inter alia*, permitted Defendant to anonymously move to quash the subpoena. *Id.* at 6-7. Defendant subsequently filed the instant motion to quash, and Malibu has filed an opposition. Dkt. Nos. 14, 18.

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure require a court to quash or modify a subpoena when the subpoena: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond certain geographical limits; (iii) requires disclosure of privileged or other protected information; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Additionally, subpoenas issued under Rule 45 are "subject to the relevance requirement of Rule

26(b)(1)," which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense." *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) (alteration and emphasis in original) (quoting Fed. R. Civ. P. 26(b)(1)).

Although the party issuing the subpoena bears the initial burden of demonstrating "the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that" one of the grounds for quashing a subpoena applies. *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). A party generally "has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." *Estate of Ungar v. Palestinian Auth.*, 332 F. App'x 643, 645 (2d Cir. 2009) (quoting 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3d ed. 2008)).

## III.    DISCUSSION

As a threshold matter, although the subpoena here was issued to Time Warner, a nonparty, Defendant argues that he has standing to challenge the subpoena because he has a privacy interest in the personal identifying information held by Time Warner. Def. Br. 5. The Second Circuit has recognized that an individual may challenge a subpoena directed at his ISP in order to preserve his anonymity. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010). Accordingly, and as Malibu acknowledges, Defendant has standing to bring a motion to quash. Pl. Br. 3-4.

Defendant puts forward two arguments in support of quashing the subpoena. First, he argues that the subpoena subjects him to an undue burden. Second, he contends that the identifying information Malibu seeks will not actually identify the alleged infringer of Malibu's

3

copyrights, which is in essence a challenge to the relevance of the information requested in the subpoena. Neither argument, however, provides a sufficient basis for quashing the subpoena.[2]

## A.   The Subpoena Does Not Unduly Burden Defendant

Defendant claims that the subpoena will subject him to an undue burden because Malibu has a track record of using "abusive tactics" against John Doe defendants. Def. Br. 10. But Defendant's argument that there would be an undue burden on *him*, rather than on Time Warner, assumes that the "undue burden" contemplated by Rule 45 can be something other than the burden of production on the recipient of a subpoena. That assumption is incorrect. Courts have consistently rejected the position that a party who is not the recipient of a subpoena can nonetheless challenge that subpoena because it creates an undue burden. *See Malibu Media, LLC v. Doe No. 4*, No. 12-CV-2950 (JPO), 2012 WL 5987854, at *2 (S.D.N.Y. Nov. 30, 2012) (collecting cases). That is because even a defendant's "legitimate concerns" about the effects of a subpoena "have no place within the undue burden calculus, as the burden of literal compliance with this subpoena falls to a third-party." *Id.* at *2. Because the subpoena does not obligate Defendant to do or produce anything, he cannot be unduly burdened. *See Malibu Media, LLC v. John Does 1-21*, No. 12-CV-00835-REB-MEH, 2012 WL 3590902, at *2 (D. Colo. Aug. 21, 2012) ("Even where a party has standing to quash a subpoena based on privilege or a personal right, he or she lacks standing to object on the basis of undue burden."); *see also Third Degree Films, Inc. v. Does 1-108*, No. 11-3007, 2012 WL 669055, at *3 (D. Md. Feb. 28, 2012) ("[The]

---

[2] The Court notes that although Defendant argues that his privacy interest in the personal identifying information held by Time Warner gives him *standing* to challenge the subpoena, he does not attempt to argue that such information constitutes "privileged or other protected matter," which would require quashing the subpoena under Rule 45(d)(3)(A)(iii). *See* Def. Br. 5-6. Even if Defendant had made that argument, the Court would still deny the motion to quash. Courts in this circuit consistently have required defendants who seek to quash a subpoena to their ISP on privacy grounds to demonstrate that the subpoena would violate their First Amendment right to anonymous internet usage. *See, e.g., Arista Records*, 604 F.3d at 118 ("To the extent that anonymity is protected by the First Amendment, a court should quash or modify a subpoena designed to breach anonymity."). And in similar cases involving Malibu as a plaintiff, courts have held that an alleged copyright infringer's identity is not protected from disclosure. *See Malibu Media, LLC v. Doe*, No. 15-CV-2624 (ER), 2015 WL 6116620, at *2-4 (S.D.N.Y. Oct. 16, 2015) (denying motion to quash after applying five-factor test for determining if First Amendment protects defendant's identity); *Malibu Media, LLC v. Doe No. 4*, No. 12-CV-2950 (JPO), 2012 WL 5987854, at *2-4 (S.D.N.Y. Nov. 30, 2012) (same).

4

argument that the subpoena presents an undue burden is unavailing because the subpoena is directed toward the ISPs and not the Doe Defendants.").

Defendant's reliance on a recent opinion from Judge Hellerstein does not alter this conclusion. *See Malibu Media, LLC v. Doe*, No. 15-CV-4369 (AKH), 2015 WL 4092417 (S.D.N.Y. July 6, 2015) ("*Malibu Media (AKH)*"). Judge Hellerstein denied Malibu's motion to subpoena a John Doe defendant's ISP, but he did so in the context of determining whether there was "good cause" to permit discovery prior to a Rule 26(f) conference. *Id.* at *1. Accordingly, Judge Hellerstein did not purport to assess whether a party other than the recipient of a subpoena can move to quash the subpoena on undue burden grounds. But more to the point, this Court has already been asked to determine whether Malibu could serve a subpoena on Defendant's ISP prior to a Rule 26(f) conference, and it held that the answer was "yes." Dkt. No. 10 at 6. None of Defendant's arguments call into question the Court's prior application of the five principal factors that courts look to in assessing whether expedited discovery is appropriate in an online copyright infringement case. *See id.* at 4. Moreover, the fact that the Court issued a protective order in connection with the subpoena alleviates many of the concerns Judge Hellerstein identified regarding Malibu's litigation tactics. *See id.* at 6; *see also Malibu Media (AKH)*, 2015 WL 4092417, at *4 (describing Malibu's litigation strategy as "clearly calculated to embarrass defendants"). By allowing Defendant to challenge the subpoena anonymously, the Court diminished the risk that Malibu could use the subpoena of Time Warner "as [an] instrument[] of abuse." *Malibu Media (AKH)*, 2015 WL 4092417, at *6; *see also Malibu Media, LLC v. Doe*, No. 15-CV-4381 (JFK), 2015 WL 4923114, at *1 n.4 (S.D.N.Y. Aug. 18, 2015) (acknowledging the concerns identified by Judge Hellerstein, but noting that a "protective order helps remove coercion from a defendant's calculation").

At bottom, Defendant has identified no authority that would permit this Court to quash the subpoena on the grounds that the subpoena unduly burdens him, and Defendant has put forward no other basis for quashing the subpoena under Rule 45.

**B.     The Subpoena Satisfies Rule 26's Standard for Relevance**

Defendant also challenges the subpoena on the grounds that Malibu "cannot demonstrate that the requested discovery will even lead to identification of the proper John Doe defendant." Def. Br. 11. In support of this argument, Defendant highlights that it is possible for the subscriber associated with an IP address not to be responsible for copyright infringement traceable to that IP address. *Id.* at 11-12. He posits that the infringer could be "someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." *Id.* at 11 (quoting *VPR Internationale v. Does 1-1017*, No. 11-2068, 2011 WL 8179128, at *2 (C.D. Ill. Apr. 29, 2011). Nowhere, however, does Defendant link the *possibility* that he is not the infringer to an accepted basis for quashing a subpoena. The closest he comes is at the outset of his brief, where he contends that "per Rule 26(b)(1), the subpoena 'is not relevant to any party's claim or defense.'" Def. Br. 1 (quoting Fed. R. Civ. P. 26(b)(1)). But Defendant never explains why the subpoena fails to satisfy Rule 26.

Rule 26 applies broadly, permitting parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also* Wright & Miller, *supra* § 2459 (noting that Rule 26(b)(1) applies to a party issuing a subpoena). Here, the information sought by the subpoena—Defendant's identifying information—unquestionably is relevant to Malibu's claim that Defendant infringed its copyrights. To be sure, there is a "risk of false positives," in that Malibu cannot say with *certainty* that Defendant was the infringer, but identifying Defendant is a necessary step in making that determination. *Digital Sin*, 279 F.R.D. at 242. And as other courts have recognized, Defendant will be free to argue that he was not the actual infringer at "the appropriate time" in this litigation. *Malibu Media, LLC v. Doe*, No. 15-CV-2624 (ER), 2015 WL 6116620, at *4 (S.D.N.Y. Oct. 16, 2015).

In sum, the Court holds that the information requested in the subpoena issued to Time Warner is relevant to Malibu's claim that Defendant infringed its copyrights. The Court therefore denies Defendant's motion to quash.

### C.    Defendant May Request to Proceed Anonymously

Malibu indicates in its brief that it does not object to permitting Defendant to litigate this case anonymously through the end of discovery. Pl. Br. 4. Defendant did not make such a request along with his motion to quash, but in light of this Court's decision to deny Defendant's motion, Defendant shall be given fourteen days from the issuance of this order to indicate that he wishes to proceed anonymously. As the Court previously explained in a "Notice to Defendant," which Time Warner was required to serve on Defendant (along with a copy of the subpoena), Defendant may provide a letter to the Court stating that he would like to proceed anonymously in this case. *See* Dkt. No. 10 at 10. If Defendant provides such a letter, then his identity and address may not be revealed to the public unless and until the Court orders otherwise.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion to quash is denied. Accordingly, Time Warner may provide Malibu with Defendant's name and address, as requested in the subpoena. None of that information may be publicly disclosed, however, until the fourteen-day period for Defendant to indicate his desire to proceed anonymously has expired. If Defendant decides to proceed anonymously, then none of the identifying information provided by Time Warner may be publicly disclosed unless and until the Court orders otherwise.

This resolves Docket No. 14.

SO ORDERED.

Dated: September **21**, 2016
New York, New York

_____
ALISON J. NATHAN
United States District Judge